IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Civil Action No. 2:18-3282-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Warden Stephon, *et al.*, | |
| Defendants. | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 48) recommending that Plaintiff's motions for injunctive relief (Dkt. Nos. 29, 35, 43) be denied. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Plaintiff's motions.

**I.    Background**

Mr. Collins ("Plaintiff") is an incarcerated person proceeding *pro se* to allege under 42 U.S.C. § 1983 that Defendants violated his constitutional rights by denying proper medical treatment and outdoor recreation at the Broad River Correctional Institution. (Dkt. No. 1 at 4.)

On March 18, 2019, Plaintiff filed a "Motion for Injunction" requesting that the Court order Defendants to provide him one hour of outside recreation for the duration of his lawsuit. (Dkt. No. 29.) On March 20, 2019, Plaintiff filed a "Motion for Injunctive Relief" requesting that the Court stop Defendants from retaliating against him for brining suit by refusing visitations, access to the prison law library, and transfer after Plaintiff claimed his life was in danger at the Dorm Wateree. (Dkt. No. 35.) On March 27, 2019, Plaintiff filed a "Memorandum in Support of Preliminary Injunction and Temporary Restraining Order," seeking an injunction (1) "to give Plaintiff at least one hour of outside recreation 5 (five) days a week"; (2) "to restrain

[Defendants] from retaliation; and (3) to give Plaintiff access to the law library to prosecute this lawsuit. (Dkt. No. 41.) On April 5, 2019, Plaintiff filed a "Motion to Compel" requesting that the Court "intercede and compel Defendants" to allow Plaintiff to access the law library. (Dkt. No. 43.) On April 8, 2019, Plaintiff filed a brief in support of his motions for injunctive relief. (Dkt. No. 45.)

On April 1, 2019, Defendants filed a response in opposition to Plaintiff's motions, in support of which Warden Stephon affirms that Plaintiff is in the Wateree Unit as a result of his behavior history; that he may be considered for a transfer if behavior changes; that Plaintiff may leave his cell three times per week to shower, access the law library or make a sick call; that Plaintiff may exercise in his cell; and that Plaintiff is not denied visitations or access to the law library, including where Plaintiff visited the library on instances as recent as March 25, 2019. (Dkt. No. 42-1.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the plaintiff objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where the plaintiff has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also*

*Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

**B.     Motion for Preliminary Injunction**

A party seeking a preliminary injunction must make a "clear showing" that (1) he is likely to succeed on the merits, (2) he is likely to suffer imminent and irreparable harm absent preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013). This clear demonstration is required because the interim relief sought is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

**III.     Discussion**

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's motions should be denied. The Court agrees with the Magistrate Judge's finding that Plaintiff's motions seek four different injunctions, each of which does not satisfy the *Winter* standard. First, Plaintiff seeks an order enjoining Defendants to give him one hour of outdoor recreation five days a week for the duration of this lawsuit, but a restriction on out-of-cell exercise may be justified by penological considerations and, therefore, does not constitute a constitutional violation for which Plaintiff has demonstrated a likelihood of success on the merits. Next, Plaintiff also seeks to enjoin Defendants from barring his access to the law library, for which Plaintiff has not demonstrated an injury in part because the record reflects multiple visits during the pendency of this litigation. Third, Plaintiff seeks to enjoin Defendants from denying him visitation, but this request for injunctive relief fails because Plaintiff makes

only a conclusory allegation of one visit being denied and he does not have a constitutional right to visitation. Last, Plaintiff requests that he be transferred to another institution, but the placement and transfer of incarcerated persons is at the discretion of the correctional institution and, therefore, Plaintiff cannot demonstrate a likelihood of success on the merits.

Plaintiff objects to the R & R, raising that his behavioral history does not warrant any limitation on outdoor recreation. (Dkt. No. 55 at 1.) Warden Stephon stated that Plaintiff is "not locked in his cell and is not forced to stay in his cell 24 hours per day" and that inmates in the Wateree Unit "are not allowed to go outside to the rec field to be with the general population." (Dkt. No. 42-1 at 2-3.) Because, contrary to Plaintiff's objections, inmates do not have a constitutional right to an opportunity for regular outdoor recreation, the record does not support finding that Plaintiff demonstrated to the *Winter* standard that Defendants should be enjoined to provide that opportunity. Plaintiff also raises that because Defendants impeded his access to the law library, he was not aware of the *Winter* standard (Dkt. No. 55 at 2); however, according this *pro se* litigant's motions an appropriately liberal construction under the correct legal standard, the Court finds injunctive relief is not warranted here.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 48) and **DENIES** Plaintiff's motions for injunctive relief (Dkt. Nos. 29, 35, 43).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 30, 2019
Charleston, South Carolina